**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES CARLTON WOODHAM | : | |
| | : | |
| Appellant | : | No. 239 MDA 2025 |

Appeal from the PCRA Order Entered February 10, 2025
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000633-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES CARLTON WOODHAM | : | |
| | : | |
| Appellant | : | No. 240 MDA 2025 |

Appeal from the PCRA Order Entered February 10, 2025
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000634-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES CARLTON WOODHAM | : | |
| | : | |
| Appellant | : | No. 241 MDA 2025 |

Appeal from the PCRA Order Entered February 10, 2025
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000636-2019

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: DECEMBER 1, 2025**

James Carlton Woodham ("Woodham") appeals *pro se* from the dismissal of his serial petition for relief under the Post Conviction Relief Act ("PCRA").[1]  Because Woodham's petition was untimely filed and he failed to establish the application of a time-bar exception, we affirm.[2]

In November 2019, a jury convicted Woodham of two counts of conspiracy to commit retail theft, theft by deception, and related offenses arising from three separate thefts at a Wal-Mart store in Sayre.  The trial court imposed an aggregate sentence of 42 to 108 months of imprisonment.  After this Court determined one of Woodham's sentences was illegal, **see Commonwealth v. Woodham**, 256 A.3d 7 (Pa. Super. 2021) (unpublished memorandum), the trial court resentenced Woodham to an aggregate sentence of thirty to eighty-four months on July 30, 2021.  Woodham did not appeal his sentence.

Woodham filed a PCRA petition in November 2021, raising multiple assertions of ineffective assistance of counsel.  The PCRA court denied his petition following an August 4, 2022 hearing; this Court affirmed the denial of

---

[1] **See** 42 Pa.C.S.A. §§ 9541-46.

[2] On October 6, 2025, Woodham filed a motion to supplement exhibits.  In light of our disposition, we deny that motion.  Additionally, on November 18, 2025, Woodham filed an application for appointment of counsel.  For the reasons discussed below, we deny this petition.

his petition in September 2023. *See Commonwealth v. Woodham*, 305 A.3d 1003 (Pa. Super. 2023) (unpublished memorandum). Woodham filed a second PCRA petition in August 2024, asserting numerous errors and instances of ineffective assistance of counsel. The PCRA court determined Woodham's second PCRA petition was facially untimely and although Woodham alleged all three exceptions to the PCRA time-bar, he failed to establish the applicability of any of them. Finding that it did not have jurisdiction to address Woodham's untimely petition, the PCRA court dismissed it. *See* PCRA Court Order, 2/4/25. Woodham filed a timely notice of appeal[3] and he and the PCRA court complied with Pa.R.A.P. 1925.[4]

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

---

[3] Woodham's brief violates many of the Rules of Appellate Procedure, which we discuss below.

[4] By Order dated May 15, 2025, this Court consolidated Woodham's appeals *sua sponte*.

- 3 -

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." *Id*. at 145 (internal citation omitted).

Before this Court can consider the merits of Woodham's claim, we must first assess whether we have jurisdiction to review it. Under the PCRA, any petition including a second or subsequent petition shall be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1).[5] The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Woodham's judgment of sentence became final on August 30, 2021,[6] at the expiration of his time to file an appeal in this Court. *See* Pa.R.A.P. 903(a);

---

[5] A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *See* 42 Pa.C.S.A. § 9545(b)(3).

[6] August 29, 2021, the thirtieth day following the imposition of Woodham's sentence, was a Sunday. Accordingly, Woodham had until August 30, 2021, to file a timely appeal. *See* 1 P.S. 1908.

42 Pa.C.S.A. § 9545(b)(3). Woodham had until August 30, 2022, to file the instant petition but did not file it until August 5, 2024. Thus, Woodham's petition is facially untimely, precluding review of the merits of the issues raised in the petition unless Woodham proves a time-bar exception. *See Albrecht*, 994 A.2d at 1093; *see also* 42 Pa.C.S.A. §9545(b)(1)(i)-(iii).[7]

In his petition, Woodham alleged government interference in the form of withheld evidence concerning Jessica Parker's ("Parker") criminal record,[8] newly discovered evidence in the form of trial counsel's failure to request discovery or call witnesses, and a new constitutional right retroactively recognized by the Pennsylvania Supreme Court or the United States Supreme

---

[7] The time-bar exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

[8] Woodham was convicted of conspiring with Parker.

Court because this was his first opportunity raise PCRA counsel's ineffectiveness. *See* Woodham's PCRA Petition, 8/5/24, at 2.

The PCRA court rejected Woodham's asserted time-bar exceptions. It found Woodham was aware of Parker's arrest records by August 19, 2022, at the latest, and therefore was required to raise his claim in a petition by August 19, 2023, but failed to do so, defeating his attempt to assert government interference. *See* PCRA Court Opinion, 5/2/24, at 4-5; 42 Pa.C.S.A. § 9545(b)(2).[9]

Regarding Woodham's assertion of newly discovered evidence in the form of trial counsel's failure to request discovery and call witnesses, preliminary hearing counsel's failure to call witnesses, and PCRA counsel's failure to allege prior counsel's ineffectiveness and to call Woodham's accuser at a PCRA hearing, the PCRA court found Woodham knew at the time of preliminary hearing which witnesses testified, knew at the time of trial which witnesses counsel called, and knew at the time of his PCRA hearing on August 4, 2022, what PCRA counsel did or did not do. The court held these facts were known to Woodham at the time of trial or at his PCRA hearing, and further

---

[9] The PCRA court also noted Woodham's attempt to assert his defense counsel is a government official is explicitly barred by 42 Pa.C.S.A. § 9545(b)(4), which states that government officials "shall not include defense counsel, whether appointed or retained." *See* PCRA Court Opinion, 5/2/24, at 5.

Woodham did not state the precise date he learned of this evidence. *See* PCRA Court Opinion, 5/2/24, at 5-6.[10]

Finally, the PCRA court found Woodham's assertion that prior counsel were ineffective does not constitute a new constitutional right determined by the Pennsylvania Supreme Court to apply retroactively on appeal. *See id*. at 7.

Woodham does not raise any new or different assertions of a time-bar exception on appeal.[11] Accordingly, we determine the PCRA court properly held Woodham failed to establish a time-bar exception that would permit a court to consider the merits of his untimely serial PCRA petition.

We also note Woodham's virtually absolute failure to conform to the requirements of the Pennsylvania Rules of Appellate Procedure ("Pa.R.A.P."),

---

[10] The claim additionally fails because it was not asserted in a PCRA petition filed within one year of the date Woodham discovered his claim. See 42 Pa.C.S.A. §9545(b)(2).

[11] Woodham asserts for the first time on appeal that the Commonwealth knowingly presented false testimony in violation of *United States v. Giglio*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959). *See* Woodham's Brief at 9-11. The only assertion he provides to support this claim is an assertion Parker was detained on June 28, 2019, for an alleged theft from Wal-Mart not committed with him. *See id*. at 11. However, even apart from his dispositive failure to raise this claim timely, Woodham provides no citation to any false testimony at trial, or proof the alleged detention occurred. This Court will not acts as Woodham's counsel and scour the record to find support for his claim. *See Commonwealth v. Spone*, 305 A.3d 602, 609 (Pa. Super. 2023); *Hardy*, 918 A.2d at 771. Accordingly, Woodham failed to state a claim upon which relief may be granted.

which would support the dismissal of this appeal given its substantial defects. *See Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (stating *pro se* litigants must conform with the Rules of Appellate Procedure and present claims supported by pertinent discussion, references to the record, and citations to legal authorities); *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that an appellant's failure to support his claim with factual background and citations to the record represented "serious deviations from the briefing requirements of the Rules of Appellate Procedure," waiving review of the claim) (citation omitted).[12]   For this independent reason, Woodham is due no relief.

On November 18, 2025, Woodham filed an application for appointment of counsel.  The application asserts the brief Woodham has already filed will show his entitlement to relief; it then reasserts his appellate claims without explaining the need for, or the right to, appointed counsel.  *See* Petition for Appointment of Counsel, 11/18/25, at 2 (unnumbered). There is no statutory

---

[12] Woodham's brief lacks: a statement of jurisdiction, in violation of Pa.R.A.P. 2114, the order or other determination in question, in violation of Pa.R.A.P. 2115, a statement of questions involved in violation of Pa.R.A.P. 2116, which states that "[n]o question will be considered unless it is statement in the statement of questions involved or is fairly suggested thereby[,]" a statement of the facts, in violation of Pa.R.A.P. 2117(4), a summary of argument, in violation of Pa.R.A.P. 2118, or an argument that complies with Pa.R.A.P. 2119(c), which requires, *inter alia*, a synopsis of all the evidence on a point with a reference to the place in the record where the evidence may be found.

right to the appointment of counsel on a second or subsequent PCRA petition. *See* Pa.R.Crim.P. 904 (D); ***Commonwealth v. Kubis***, 808 A.2d 196, 200 (Pa. Super. 2002). Woodham's appeal from the denial of his serial PCRA claim is time-barred, and he makes no showing of the need for an evidentiary hearing that could support the appointment of counsel. *See* Pa.R.Crim.P. 904(D). Accordingly, we deny Woodham's application for appointment of counsel.

Order affirmed. Application for appointment of counsel denied. Application to supplement exhibits denied.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/01/2025</u>